UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No:

**NAVAL MAGNUM, S.A.,**
  **Plaintiff,**

  -against-

**GSI SWITZERLAND GMBH,**

  **Defendant.**

### VERIFIED COMPLAINT

Now comes, Plaintiff, NAVAL MAGNUM, S.A. (hereinafter, "Naval Magnum"), by and through its undersigned counsel, Clinton & Muzyka, P.C., as and for its Verified Complaint against Defendant, GSI SWITZERLAND GMBH (hereinafter, "GSI"), and alleges upon information and belief as follows:

### Jurisdiction

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. This case also falls under this Honorable Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

### The Parties

2.     Plaintiff, Naval Magnum, is a foreign entity organized and existing under the laws of Panama, a foreign country.

3.      Defendant, GSI, is a foreign entity organized and existing under the laws of Switzerland.

### The Underlying Dispute

4.      At all material times, the M/V ATMODA was and is a refrigerated cargo vessel (a "reefer") bearing IMO No. 8908076, and is registered in Panama.  The M/V ATMODA is owned by Naval Magnum.

5.      At all material times, the M/V ATMODA was and is a member of a vessel pool operated by non-party Alpha Reefer Transport GmbH ("ART").

6.      On or about December 23, 2009, GSI agreed to charter a vessel from the ART reefer pool pursuant to a fixture recap and form charter party negotiated between GSI's agent non-party Van Weelde Chartering ("Van Weelde") and ART's agent, non-party Maritime Reefer Agency GmbH ("MRA").   In accordance with industry custom, the charter agreement was entered into with reference to a vessel "to be nominated" based on vessel availability as the date of the voyage approached and was memorialized using a "fixture recap" and attached GENCON form charter party (collectively, the "Charter Party").  See *Exhibit A*, attached hereto.

7.      On or about December 24, 2009, MRA nominated the M/V ATMODA to perform the Charter Party.  This nomination was accepted by GSI, binding both GSI and Naval Magnum to the performance contemplated under the Charter Party.

8.      The performance contemplated under the Charter Party consisted of the carriage "up to full and complete cargo of frozen food products in cartons" from Theodore, Alabama to St. Petersburg, Russia.  See *Exhibit A*.

9.      Pursuant to the Charter Party, the M/V ATMODA proceeded to Theodore, Alabama, arriving and tendering Notice of Readiness (to load the cargo) there at 1030 local time on December 29, 2009.

10.     On December 30, 2009, GSI advised Naval Magnum via broking channels that it intended to cancel the Charter Party and would not be loading cargo onboard the M/V ATMODA for carriage to Russia as had been agreed.

11.     After several exchanges in which Naval Magnum rejected GSI's attempt to repudiate the Charter Party and in which GSI repeated its intention not to perform its obligations as required under the Charter Party agreement, Naval Magnum ultimately had no choice but to accept GSI's repudiation and in mitigation seek alternate employment for its vessel.  On January 8, 2010, the M/V ATMODA sailed from Theodore, Alabama without any cargo onboard.

### Damages and Arbitration

12.     As a result of GSI's breach of the Charter Party, Naval Magnum incurred damages in the form of loss of freight, loss of earnings, loss of profit, and other such losses and damages totaling, as near as can presently be estimated, $1,072,001.79 in principal.

13.     In addition to such sum, and pursuant to the Charter Party and applicable law, Naval Magnum is entitled to recover this amount, plus interest, costs, and attorneys fees via arbitration with GSI in London.

14.     The Charter Party provides for the application of English law and any dispute arising thereunder is to be referred to arbitration at London.  Naval Magnum specifically reserves its right to arbitrate the substantive matters at issue.

15.     Naval Magnum has duly demanded arbitration against GSI and GSI has responded to the arbitration demand.

16. This action is brought to obtain security in favor of Naval Magnum in respect to its principal claims against GSI and in aid of London arbitration proceedings which have now commenced.

17. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

18. This action is further brought to obtain security for the additional sums which are recoverable including Naval Magnum's anticipated attorneys' and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Naval Magnum's claim under English law.

19. Naval Magnum estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will amount to no less than $250,000.00, including any appeal of any arbitration award issued.

20. Interest anticipated to be awarded on the principal sums now due to Naval Magnum is estimated to be $159,601.54 (calculated at the rate of 7% per annum compounded quarterly for a period of two years, the estimated time for completion of the proceedings in London).

21. In all, the claim for which Naval Magnum sues in this action, as near as presently may be estimated, totals **$1,481,603.33**.

## Request for Rule B Relief

22. Upon information and belief, and after investigation, the Defendant, GSI, cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Naval Magnum is informed that GSI has, or will shortly

have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, cargo, vessels, or any other assets of, belonging to, due or being transferred to, from, or for the benefit of GSI (collectively hereinafter, "ASSETS"), including but not limited to ASSETS as may be held, received or transferred in its name or for its benefit, at, moving through, or being transferred to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.  Such ASSETS include, but are not limited to, funds in an account maintained at Bank of America, N.A., 100 Federal Street, Boston, MA at account no. xxxxxxxx0833.[1]

     23.    The total amount to be attached pursuant to the calculations set forth above is **$1,481,603.33**.

WHEREFORE, Plaintiff, NAVAL MAGNUM, prays:

    a.    That process in due form of law according to the practice of this Court may issue against GSI, citing it to appear and answer the foregoing, failing which default may be taken;

    b.    That if GSI cannot be found within this District pursuant to Supplemental Rule B all tangible or intangible property of GSI up to and including the sum of **$1,481,603.33** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, cargo and/or vessels, of, belonging to, due, held or being transferred to, from, or for the benefit of GSI at, moving through or being transferred to or from banking institutions or such other garnishees who may be

---

[1] In compliance with Fed.R.Civ.P. 5.2, the full account number has been redacted in this filing.

served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.   That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order compelling GSI to arbitrate and/or for the recognition and enforcement of any award or judgment entered against GSI in the London arbitration proceedings; and

d.   For such other, further and different relief, including but not limited to attorneys' fees, interest, costs and disbursements, as this Court may deem just and proper in the premises.

Respectfully submitted

by its attorneys,

**"/s/ Terence G. Kenneally"**
**Thomas J. Muzyka**
**B.B.O. No. 365540**
**Terence G. Kenneally**
**B.B.O. No. 642124**
**CLINTON & MUZYKA P.C.**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
Tel:    (617) 723-9165
Fax:    (617) 720-3489
Email: tkenneally@clinmuzyka.com

## CERTIFICATE OF SERVICE

Pursuant to **Local Rule 5.2**, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 4, 2012.

**"/s/ Terence G. Kenneally"**
**Terence G. Kenneally**

## ATTORNEY VERIFICATION

TERENCE G. KENNEALLY, being duly sworn, deposes and says as follows:

1.      I am an attorney with the law firm of Clinton & Muzyka, P.C., attorneys for Plaintiff, Naval Magnum S.A., in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

Terence G. Kenneally

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS:                                          October 4, 2012

Then personally appeared before me, the above named Terence G. Kenneally, known to me to be the same and made oath that he is counsel for the Plaintiff, Naval Magnum, S.A., and he executed the above ATTORNEY VERIFICATION as a duly authorized act and acknowledges the same to be his free act and deed, and the free act and deed of Naval Magnum, S.A.

Notary Public
My Commission Expires: 10/28/2012