UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAVAL MAGNUM, S.A.,<br>Plaintiff,<br><br>v.<br><br>GSI SWITZERLAND GMBH<br>Defendant. | Civil Action: 12-11867-DJC |

**ANSWER TO VERIFIED COMPLAINT**

Now comes Defendant GSI Switzerland GmbH ("GSI"), by and through its undersigned counsel, Pierce Atwood LLP, as and for its Answer to Plaintiff's Verified Complaint dated October 4, 2012, and alleges upon information and belief as follows:

1. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this matter is within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, but except as admitted denies the allegations contained in paragraph 1 of the complaint.

2. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the complaint.

3. Admits the allegations contained in paragraph 3 of the complaint.

4. Admits that the M/V ATMODA (the "Vessel") was a refrigerated cargo vessel registered in Panama, but except as admitted denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the complaint.

6. Denies the allegations contained in paragraph 6 of the complaint.

7. Admits that the Vessel was nominated but except as admitted denies the allegations contained in paragraph 7 of the complaint.

8. Admits the allegations contained in paragraph 8 of the complaint save that the full text of the excerpted portion of the Charter Party provided for *"up to full and complete cargo of frozen food products in cartons (intention: frozen poultry products)"*.

9. Admits the allegations contained in paragraph 9 of the Complaint save that the validity of the "Notice of Readiness (to load the cargo)" tendered by the Vessel is disputed.

10. Admits that on 30 December 2009 GSI declared *force majeure* due to new veterinary restrictions issued by the Russian Federation and considered the Charter Party cancelled but except as admitted denies the allegations contained in paragraph 10 of the complaint.

11. Denies that GSI attempted or did repudiate the Charter Party or that it failed to perform its obligations as required under the Charter Party agreement and further denies that Naval Magnum, S.A. ("Naval Magnum") was entitled to accept any alleged repudiation. GSI further denies that Naval Magnum acted in mitigation of its losses by seeking alternate employment for the Vessel. Otherwise, GSI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the complaint.

12. Denies the allegations contained in paragraph 12 of the complaint.

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Admits that the Charter Party provides for the application of English law and arbitration of disputes thereunder in London, but except as admitted denies the allegations contained in paragraph 14 of the complaint.

15. Admits the allegations contained in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the complaint. Avers that under English law, including but not

limited to under the English Arbitration Act 1996, Naval Magnum is not entitled to security in respect of its principal claims against GSI.

17. Admits that, as a matter of principle, a plaintiff in a London arbitration subject to the English Arbitration Act 1996 may seek to recover costs, including attorneys' fees, arbitrators' fees, disbursements and interest as an element of its claims, but denies that Naval Magnum is so entitled here. Except as admitted GSI denies the allegations contained in paragraph 17 of the complaint.

18. Denies that additional sums are recoverable at the present time as part of Naval Magnum's claim under English law and further denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. Denies the allegations contained in paragraph 20 of the complaint.

21. Denies the allegations contained in paragraph 21 of the complaint.

22. Admits that GSI cannot be found within this District, but otherwise denies the allegations contained in paragraph 22 of the complaint.

23. Denies the allegations contained in paragraph 23 of the complaint.

## **AFFIRMATIVE DEFENSES**

**First:**   The complaint fails to state a claim upon which relief may be granted.

**Second:**   This Court lacks personal jurisdiction over defendant.

**Third:**   Plaintiff has failed to effect proper service of process upon defendant.

**Fourth:**   Defendant's appearance herein is strictly a restricted appearance pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

**Fifth:** Plaintiff's claims are subject to arbitration in London, and this action should be stayed and the matter referred to arbitration in London pursuant to 9 U.S.C. § 201 *et seq.*

**Sixth:** Pursuant to Fed. R. Civ. P. 44.1, plaintiff's claim is subject to English law, and defendant hereby gives notice of its intent to plead foreign law in these proceedings.

**WHEREFORE,** defendant GSI Switzerland GmbH prays as follows**:**

A. That the plaintiff's Verified Complaint be dismissed in its entirety;

B. That the Order of Attachment and Process of Maritime Attachment and Garnishment be vacated;

C. Alternatively, that plaintiff's claims be stayed pending London arbitration; and,

D. That defendant be granted such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Samuel P. Blatchley_____
PIERCE ATWOOD LLP
Brad Gandrup, Jr. (BBO No. 549794)
Samuel P. Blatchley (BBO No. 670232)
100 Summer Street
Suite 2250
Boston, MA 02110
PH 617.488.8100
FAX 617.824.2020
sblatchley@pierceatwood.com
bgandrup@pierceatwood.com

*Attorneys for Defendant GSI Switzerland GmbH*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 29, 2012.

                                              By:   /s/ Samuel P. Blatchley
                                              Samuel P. Blatchley (B.B.O. No. 670232)