## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

NAVAL MAGNUM, S.A.,
Plaintiff,

v.

GSI SWITZERLAND GMBH,
Defendant.

Civil Action:  12-11867-DJC

**DEFENDANT'S MEMORANDUM IN OPPOSITION  TO PLAINTIFF'S "REQUEST"
FOR LEAVE TO FILE A SURREPLY AND "REQUEST" FOR SANCTIONS**

Now comes defendant, GSI Switzerland GmbH ("GSI"), and respectfully submits

Defendant's  Memorandum in Opposition to Plaintiff's Motion for Leave to File Reply

Memorandum and Request for Leave to File a Sur-Reply and Request for Sanctions [Docket No.

34], filed by plaintiff, Naval Magnum, S.A. ("plaintiff").   For the reasons set forth below, GSI

respectfully submits that plaintiff should be denied leave to file a sur-reply and no sanctions

should be levied against GSI or its counsel.

### I.        Introduction.

Though plaintiff's Docket No. 34 is styled as an Opposition, because it seeks affirmative

relief in the form of "requests," GSI will treat Docket No. 34 as a motion, and oppose the

affirmative relief plaintiff requests herein.

Plaintiff's "requests" for leave to file a sur-reply and for sanctions are obviously

unwarranted and inappropriate.  GSI filed a Motion for Leave to File Reply Memorandum

[Docket No. 32] to address errors of law and fact contained in Plaintiff's Opposition to

Defendant's Motion under Supplemental Rule E(6) for Reduction of Security and Release of

Excess Funds [Docket No. 30] ("Opposition"), and the Declaration of Kevin Sach in Opposition

[Docket No. 30-1], which accompanied it.  GSI's Motion for Leave can in no way be construed

as sanctionable.  If any pleading is frivolous here, it is plaintiff's Docket No. 34, which attempts

{W3967938.1}

to obfuscate the merits of GSI's motion to reduce the security attached by raising wholly

incorrect technical arguments and baselessly seeking sanctions.

## II.     Naval Magnum Failed to Comply with Local Rule 7.2 and Fed. R. Civ. P. 11 and Therefore Its "Request" for Leave to File a Sur-Reply and "Request" for Sanctions Should be Denied.

Again, as plaintiff did in connection with its Motion for Leave to Amend its Verified

Complaint [Docket No. 28 & 29], plaintiff failed to comply with Local Rule 7.2, because it failed

to even seek to confer with counsel for GSI before filing its "requests" for leave to file a sur-

reply and for sanctions.[1]  This failure itself should be grounds for the Court to deny plaintiff's

"requests." *Gerakaris v. Champagne,* 913 F.Supp. 646, 651 (D. Mass. 1996).

Plaintiff does not cite Fed. R. Civ. P. 11 ("Rule 11") in support of its request for

sanctions, but "requests that [the Court] employ 'its inherent powers to sanction' GSI for filing

its frivolous motion seeking leave of this Court."  Docket No. 34 at 3.  Plaintiff's "request" is

simply an end run around the safe harbor provisions of Rule 11.

The case plaintiff cites, *Galanis v. Szulik*, 841 F.Supp.2d 456 (D. Mass. 2011) undercuts

rather than supports plaintiff's argument.  In that case, this Court specifically noted that, after

plaintiff filed a frivolous complaint, defendant threatened and then served a motion under Rule

11, and granted an extension of its safe harbor period.  *Id.* at 459.   Plaintiff, however, then

voluntarily dismissed the suit before the extended period expired, "presumably to avoid

sanctions," *id*. at 459, thus depriving defendant of the opportunity to engage Rule 11.  The

*Galanis* Court specifically noted that when sanctions are not available under the rules or 28

U.S.C. section 1927, then the Court may rely on its inherent powers.  *Id*. at 460-61.  The Court

also noted that even if plaintiff  was entitled to safe harbor, plaintiff had received it, because

---

[1] Plaintiff cannot seriously contend that it is relieved of its obligation to confer merely because the relief it seeks is termed as a "request," rather than a motion, and because plaintiff merely places these requests in a pleading styled as an opposition.

defendant's counsel had given plaintiff's counsel ample notice that the complaint lacked factual support. *Id*. at 462.  Indeed, defendant had actually served its Rule 11 motion.  *Id*. at 459.  In this case nothing prevented plaintiff from complying with Rule 11.  Plaintiff , however, provided GSI no notice whatsoever that plaintiff would seek sanctions.  *Galanis* is thus readily distinguishable from this case.  Here, plaintiff's attempt to invoke the court's inherent powers is indeed a blatant attempted end run around Rule 11's safe harbor provisions.

Thus, here plaintiff has improperly failed to give GSI notice under both Local Rule 7.2 and Rule 11.

**II.      GSI's Motion Was Not Late.**

Plaintiff submits that GSI should be sanctioned "in light of the lateness of GSI's Reply Memorandum."  Docket No. 34 at 3.  Plaintiff  adds that "the submission of GSI's Motion for Leave to File a Reply Memorandum is also violative of Local Rule 7.1(B)(2) because it was filed on October 24, 2013, which is more than fourteen [14] days after Naval Magnum filed its Opposition to GSI's Motion for reduction...."  *Id*. at 4.  That argument is baseless because Local Rule 7.1(B)(2) only addresses <u>an</u> <u>opposition</u> to a motion.  In fact, Local Rule 7.1(B)(2) is entitled "Submission of Opposition to a Motion."  It does not impose any time limit on filing motions for leave to file a reply to an opposition.   Neither does Local Rule 7.1(B)(3), which addresses reply briefs.  For these reasons, plaintiff's argument that GSI's Motion for Leave to File a Reply Memorandum was untimely is completely baseless.

**III.      GSI and Its Counsel Did Not Make Any Factual or Legal Omissions in GSI's Motion the Proposed Reply Memorandum and the Declaration of Sarah Taylor.**

Plaintiff also states that GSI should be sanctioned for "its apparent factual and legal omissions."  Docket No. 34 at 3.  While it is far from clear, the only "factual and legal

omissions" plaintiff appears to cite specifically are: 1) that GSI did not point out that the "Rules of the Supreme Court of the United Kingdom allow courts and arbitral tribunals to award interest at up to 10% above base rate;" and, 2) that GSI did not point out that the Rules of the Supreme Court of the United Kingdom specifically provide that "[t]he overriding principal is that interest should be awarded to the claimant not as compensation for the damage done but for being kept out of money which ought to have been paid to them." *Id*. at 2-3 (internal quotations omitted).

In its papers, GSI merely stated that there is no concept of "punitive interest" under English Law.  If the "overriding principal" in awarding interest under English is not to compensate plaintiff for the damage done, but to assure that plaintiff receives what it would have received but for defendant's breach, it would certainly also seem that interest is not to be awarded to punish a defendant.  Thus, what plaintiff claims GSI omitted in this regard would seem to prove GSI's point rather than plaintiff's.  As to the first alleged omission, even if English law allows courts and arbitrators to award interest up to a certain higher than normal interest rate, plaintiff points to no circumstance where London maritime arbitrators have actually done so.  GSI's motion moreover pointed out that in the underlying arbitration, there is no factual basis on which plaintiff could even support a claim for an inflated interest rate.

### IV.    GSI Did Not Make Any New Arguments, It Replied to Plaintiff's and Mr. Sach's.

Plaintiff complains that GSI seeks to make new arguments for the first time in its proposed Reply.  Plaintiff states, "[a] review of Ms. Taylor's most recent Declaration [Docket Entry No. 33], i.e. Paragraph 4, reveals that it contains factual and legal information, which was readily available to GSI" prior to the filing of its original motion.  Again, plaintiff is off the mark.  The purpose of a reply is to respond to arguments raised in an opposition.  This is all GSI did - respond to legal arguments and refute facts presented in plaintiff's Opposition and the Sach

Declaration which accompanied it.[2]  GSI did not identify any new bases for the relief it sought in its original Motion.  Nor does plaintiff point to any.

### V.  Plaintiff's Claim that It is Improper to Submit a Proposed Reply With a Motion for Leave to File a Reply is Incorrect.

Plaintiff claims that GSI violated Local Rule 7.1(B)(3) by submitting its proposed Reply Memorandum as an attachment to its Motion.  Plaintiff fails to note, however, that attaching a proposed Reply to a motion for leave to file a reply is a standard practice in this Court.[3]  In fact, this Court has found nothing wrong with this practice in the recent past.  *See, e.g. Massachusetts Delivery Ass'n v. Coakley*, Civil Action No. 10-11521-DJC, 2013 WL 5441726 at fn. 7 (D. Mass. September 26, 2013) (Casper, D.J.) ("MDA's Motion for Leave to File a Reply in Support of Motion for a Protective Order, D. 102, is ALLOWED.  The Court considered the reply memorandum attached to this motion for leave in addressing the motion for a protective order, D. 94") (emphasis added).  It is also a common practice in this Court for clerks to require, when leave to file a proposed reply is allowed, that when the reply memorandum is separately filed its caption so indicate, and state the date on which leave was allowed, thus alerting the Court to the fact that the reply memorandum was filed after leave had been allowed.

### VI.  Conclusion.

For the foregoing reasons, defendant, GSI Switzerland GmbH, respectfully requests that plaintiff, Naval Magnum, S.A.'s "request" for sanctions and "request" for leave to file a surreply contained in Plaintiff's Opposition to Defendant's Motion for Leave to File a Reply Memorandum and Its Request for Leave to File a Surreply to Defendant's Reply be denied.

---

[2] GSI trusts that plaintiff does not intend to argue that GSI cannot point out facts to refute plaintiff's and Mr. Sach's claims in the Opposition papers.  If it does, however, plaintiff's argument is logically flawed because it would assume that GSI would have to anticipate any factually incorrect argument made by the plaintiff.

[3] GSI notes that plaintiff would also be guilty of violating its standard by attaching the "Declaration of Kevin Sach in Opposition," which apparently is not in opposition, but really in sur-reply to GSI's proposed reply.

Dated:  November 19, 2013                    GSI SWITZERLAND GMBH,

                                             By its Attorneys,
                                             PIERCE ATWOOD LLP

                                             By: */s/ Samuel P. Blatchley*
                                             Brad Gandrup, Jr., Esq. (BBO No. 549794)
                                             bgandrup@pierceatwood.com
                                             Samuel P. Blatchley, Esq. (BBO No. 670232)
                                             sblatchley@pierceatwood.com
                                             PIERCE ATWOOD LLP
                                             100 Summer Street, Suite 2250
                                             Boston, MA 02110
                                             Tel:   (617) 488-8100 Fax:  (617) 824-2020


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 19, 2013.

                                             By:   */s/ Samuel P. Blatchley*